

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

May 20, 1939

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-801
Re: Refund of money from suspense
account through State Board of Cos-
metology.

We are in receipt of your letter of May 11, 1939, in which you request the opinion of this department as to whether you are authorized to issue warrants against the suspense fund for refund of application and license fees set out in the attached claim filed by the State Board of Hairdressers and Cosmetologists.

The items contained in this claim are as follows:

| NAME AND ADDRESS | AMOUNT OF REFUND | AMOUNT OF DEPOSIT |
|---|---|---|
| (1) Roth, Gertrude, West Columbia | $10.00 | Decided not to open a shop |
| (2) Turpen, Mrs. Evelyn, Cleveland | 10.00 | Decided not to open a shop |
| (3) Woolley, Mrs. Hilday J, Ft. Worth | 3.00 | License expired |
| Total | $23.00 | |

Inquiry at the State Board of Cosmetology disclosed the facts upon which these claims were based to be as hereinafter set out. We assume that the facts given are correct.

ITEM 1: The applicant forwarded $10.00 to the Board for a shop license, which money was not accompanied by an application blank. The money was placed in suspense and an application blank forwarded to the person making payment requesting that the blank be filled out and returned. The applicant, however, did not fill out and return the application blank but declined to proceed further and requested a refund of the $10.00 which had theretofore been forwarded to the Board.

ITEM 2:  $10.00 was forwarded to the Board with no application blank attached.  The money was placed in suspense and a blank forwarded to the sender requesting that it be properly filled out and returned. The request of the Board was complied with but the inspector required that two doors be sealed up and closed before a  certificate could be issued.  Applicant refused to comply with the requirements of the Board and requested the return of the registration fee, which had theretofore been paid.

ITEM  3:  Claimant held an operator's license which was not renewed within the time required by law.  The annual license or renewal fee of $3.00 was sent to the Board after such time had elapsed, and the Board notified the sender that the former license having expired, it would be necessary for the operator to take an examination and pay the required fee therefor.  The claimant refused to take the required examination and pay the additional fee and requested the return of the $3.00 which had theretofore been sent to the Board as the annual license fee which had been rejected.

Article 734b, Penal Code, contains the following provisions:

"Section 14.  Non-resident hairdressers or cosmetologists and graduates of licensed schools may only apply for examination under the Act upon the payment of the examination and license fee . . ."

"Section 16b.  Each application for examination to the State Board shall be accompanied by a cashier's check or post office money order for the sum of $10.00."

"Section 17.  Each applicant to conduct a beauty parlor as defined in this Act shall accompany such application with a cashier's check or post office money order for Ten Dollars ($10.00), . . . and such application for registration as an operator to work in any beauty parlor shall be accompanied by a cashier's check of post office money order for Ten Dollars ($10.00). . . ."

"Section 18(a).  The annual license fee for conducting a beauty parlor shall be the sum of Five Dollars ($5.00) . . . and the annual license fee for operators to work at the trade or practice of beauty culture shall be the sum of Three Dollars ($3.00) . . ."

The above cited act is regulatory, based upon the state police power to safeguard the public health and the fees provided are license fees and not in the nature of an occupation tax.  Gerard vs. Smith (T.C.A. 1932) 52 S.W. (2nd) 347; Hurt vs. Cooper (Sup. Ct. 1937) 110 S.W. (2nd) 896.

We call your attention to Section 14 which provides for the payment of both an examination and a license fee by applicants for an operator's license or certificate. Section 17 provides that an application for a certificate to conduct a beauty parlor shall be accompanied with a $10.00 payment. This payment is not designated by the statute as an inspection fee or examination fee, and we thing it was the intention of the Legislature that the $10.00 payment required should be for the certificate or license issued. Since the payment is for the certificate, until the certificate is granted, no consideration has been received therefor, and the state would not be entitled to retain the money upon rejection of the application.

The same considerations apply to the annual payments which in various sections of the act are called "renewal fees," "annual license fees" and "annual registration fees."

You are, therefore, advised that you are authorized to issue warrants on the suspense fund for refund of each of the items listed in the claim submitted.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:CG:egw

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By R E K
Chairman